UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BASILE S. DASKALAKIS,<br><br>             Plaintiff,<br><br>    v.<br><br>FBI, FBI AGENT JUDE, DEA, TETON COUNTY ID SHERIFF'S DEPARTMENT, DEPUTY MICHAEL PARKER, LOREN EDDIE, DR. MICHAEL MORRISSEY, JENNIFER ASKAY, PRIME PROPERTIES OF JACKSON HOLE, JACKSON STATE BANK, ROCKY MOUNTAIN BANK, MEGAN (EMMY), TETON RENTALS, JACK VOSSIKA, VERIZON WIRELESS, JOHN AND JANE DOES,<br><br>             Defendants. | Case No. 4:10-CV-221-BLW<br><br>**REPORT AND RECOMMENDATION ON INITIAL REVIEW** |

      Plaintiff Basile S. Daskalakis' Complaint (Dkt. 2) was conditionally filed on May 3, 2010, due to his request for in forma pauperis status (Dkt. 1). Because not all parties had consented to the jurisdiction of a United States Magistrate Judge, the case was reassigned to District Judge B. Lynn Winmill on April 19, 2011. On April 26, 2011, the case was referred to United States Magistrate Judge Mikel H. Williams pursuant to 28 U.S.C. 636(b)(1). Having reviewed the record, and otherwise being fully informed, the Court enters the following Report and Recommendation.

**REPORT & RECOMMENDATION - 1**

# REPORT

## REVIEW OF PLAINTIFF'S IN FORMA PAUPERIS APPLICATION

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required. *Id.* An affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependants "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted). Based on the Court's ruling below, the Court recommends that Plaintiff's in forma pauperis application be found moot.

## INITIAL REVIEW

Once a complaint has been conditionally filed pursuant to 28 U.S.C. § 1915, the Court must conduct an initial review of the complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Because Plaintiff is proceeding pro se, the complaint must be liberally construed.

*See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, the Plaintiff should be notified of the deficiencies and provided an opportunity to amend. *See Jackson v. Gray*, 353 F.3d 750, 758 (9th Cir. 2003). However, as noted by the Supreme Court in *Ashcroft v. Iqbal*, "[a] pleading that offer labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).[1] The pleading standard in Fed. R. Civ. P. 8 requires more than "'naked assertion[s]' devoid of 'further factual enhancements.'" *Id*. (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 557 (2007)). A complaint should be dismissed under Federal Rule of Civil Procedure 8 if the factual allegations are not "plausible," but merely "conceivable." *Id*. at 1951. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant acted in a manner that would render him liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The plausibility standard is not asking to a "probability requirement," but it asks more than a sheer possibility that a defendant has acted unlawfully. *Id*.

## DISCUSSION

Plaintiff brings this lawsuit against several individuals and entities. While the allegations in his complaint are vast, Plaintiff primarily appears to be alleging that

---

[1] Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions.

**REPORT & RECOMMENDATION - 3**

Defendants are engaged in a conspiracy to assassinate him as well as deprive him of his rights.

**1.  Complaint in its Entirety**

A complaint may be dismissed as frivolous if it is premised upon "fantastic or delusional scenarios," infringement of a legal interest that does not exist or outlandish theories.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  "A finding of factual frivolousness is appropriate when the facts as alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  However, a complaint may not be dismissed simply because the facts and allegations may be unlikely.  *Id*.  The Ninth Circuit has determined that a case or claim "is frivolous if it is of little weight or importance: having no basis in law or fact."  *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal citations and punctuation omitted).

After a thorough review, it is difficult to pinpoint exactly what Plaintiff is alleging in his complaint.  He appears to allege a conspiracy among federal agencies, federal agents, state actors, and private entities and individuals to assassinate him, defraud him, deprive him of property, "seduce" him, among other things.  For example, he alleges: that the FBI "acting under color of state and Federal law, in Idaho, Wyoming, and Oklahoma, unlawfully intercept and disclosed his land line telephone and wireless communications, including his GPS locations, in a conspiracy to assassinate plaintiff in Victor Idaho in August 2008, in frond [sic] of a "Drug Trap" known as a hot dog stand, by a hit man from

**REPORT & RECOMMENDATION - 4**

Enid Oklahoma" (Complaint, p. 2); that the FBI "direct or indirect executed the first assassination attempt in a taxi hit and run in an underground garage in downtown NY City" (Complaint, p. 2); that a "male real estate agent in Casper WY, unlawfully follow to track plaintiff's whereabouts and pretending that had relatives in Japan, attempted to get information from plaintiff on his discoveries in renewable energies, in Japan after many years of unlawful wiretaps, and intercepting communications with his Greek Counselor in Houston Texas in an open ending spying for his discoveries and business activities" (Complaint, p. 3); that in a "racketeering, pattern, they formed an enterprise with co-defendants to defraud plaintiff in a real estate 'Option to buy' contract, scheme, demanded last minute before presenting an offer a $100.000 [sic] check from plaintiff knowing that plaintiff was not in possession or able by himself to execute a real estate buying transaction against good business practices or law requirements, but only an option to buy same property" (Complaint, pp. 7-8); that a defendant "exposed her self [sic] to plaintiff at the 'safe house' and exposing her black panties, in other location in a pattern to frame, and upon information and belief to illegal video taping and wiretapping" (Complaint, p. 9); and that his drinks were spiked at the local library (Complaint, p. 16).

      The complaint, for the most part, is nonsensical. The numerous allegations are virtually incoherent. Plaintiff apparently believes that all of the Defendants are in an agreement to assassinate him, among numerous other things. Concrete factual details, such as dates of alleged events, are for the most part omitted from his complaint. Merely

**REPORT & RECOMMENDATION - 5**

using terms like "conspiracy," "deprivation of property" and "tortuous interference" and referencing the First, Fourth, Fifth and Eighth Amendments does not make his complaint viable. Plaintiff's complaint contains allegations, as noted above, that are clearly frivolous or delusional and the deficiencies could not be cured with leave to amend. The Court finds that this complaint should be dismissed due to frivolousness but, in the alternative, will also provide an analysis of Plaintiff's claims to the extent possible.

1. **42 U.S.C. § 1983 Claims**

Plaintiff alleges that his First Amendment rights have been violated due to obstruction and destruction of mail and e-mails; his Fourth Amendment rights have been violated for unlawful search and seizure and deprivation of private property; his Fifth Amendment rights have been violated by confiscating private property without due process and his Eighth Amendment rights have been violated by malicious prosecution and denial of medical services.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege four elements: "(1) a violation of rights protected by the Constitution, or created by federal statute (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 is "'not itself a source of substantive rights' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 143 n.3 (1979)). Vague and conclusory allegations of official

participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A. **Statute of Limitations**

The length of the statute of limitations for a civil rights action is governed by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

In his complaint, Plaintiff refers to alleged events that occur as far back as 1981. Although much of his complaint omits dates of the alleged events, the Court notes that anything occurring prior to May 3, 2008 would be barred by the statute of limitations.

B. **Federal Defendants - FBI, FBI Agent Jude, DEA, Loren Eddie - Mike Harris Campground Commissioner**

Plaintiff has named the Federal Bureau of Investigation (FBI), the Drug Enforcement Agency (DEA), FBI Agent Jude and Loren Eddie[2] as Defendants in this lawsuit. The FBI and DEA are agencies of the United States Government. "The United States, as a sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."

---

[2] Plaintiff alleges that Loren Eddie is "Commissionaire" of the Mike Harris Campground located near Victor, Idaho. Because this campground is operated by the federal government, it would follow that Mr. Eddie is a federal employee.

**REPORT & RECOMMENDATION - 7**

*United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *see also Arnsberg v. United States*, 757 F.2d 971, 977-78 (9th Cir. 1981) (no right to money damages against the United States without sovereign immunity waiver). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed' by Congress." *Doe v. Attorney General of the United States*, 941 F.2d 780, 788 (9th Cir. 1991) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

Section 1983 only provides a remedy against persons acting under color of state law. *See, e.g., Cabrera v. Martin*, 973 F.2d 735, 742 (9th Cir. 1992). There is a long-standing principle that federal officials can only be liable under section 1983 where there is a "sufficiently close nexus between the State and the challenged action of the [federal actors] so that the action of the latter may be fairly treated as that of the state itself." *Id.* at 744.

In this case, there has not been a waiver of sovereign immunity. Further, Plaintiff has not alleged a sufficiently close nexus between the State and the federal actors so that the action of the federal actors can be treated as that of the State. The section 1983 claims against these Defendants should be dismissed.[3] However, constitutional claims against

---

[3] To the extent that Plaintiff alleges some sort of conspiracy among all the Defendants, the federal Defendants would still not qualify as state actors. The elements of conspiracy to deprive another of his civil rights are as follows: "(1) the existence of an express or implied agreement among the [defendants] to deprive him of his constitutional rights; and (2) an actual deprivation of those rights resulting from that agreement." *Ting v. U.S.*, 927 F.2d 1504, 1512 (9th Cir. 1991). Plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). Plaintiff has not alleged an agreement or meeting of the minds, even when liberally construing his allegations. Conclusory and vague allegations of a conspiracy are insufficient for purposes of finding that the federal Defendants would qualify as state actors.

**REPORT & RECOMMENDATION - 8**

federal actors may be brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This will be discussed below.

    **C.    Private Defendants - Dr. Michael Morrissey, Jennifer Askay, Prime Properties of Jackson Hole, Jackson State Bank, Rocky Mountain Bank, Megan (Emmy), Teton Rentals, Jack Vossika, Verizon Wireless**

In *Melara v. Kennedy*, 541 F.2d 802, 804-05 (9th Cir. 1976), the Ninth Circuit Court of Appeals set forth relevant factors for district courts to consider when determining whether private individuals are acting under color of state law, or whether state action is involved:

> [T]o distinguish between private action and state action can sometimes be difficult. *See, e. g., Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974). State action is an elusive concept and cannot be discerned by a precise formula. *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961). The many factors involved must be sifted and all circumstances weighed. *Id.*
>
>     Where the challenged action is that of a private individual, there must be "significant state involvement" before the due process guarantees of the Constitution will attach. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972). The authorization by statute of the challenged conduct does not by itself require a finding of state action. *See Culbertson v. Leland*, 528 F.2d 426, 431 (9th Cir. 1975), and *Adams v. Southern California First National Bank*, 492 F.2d 324, 330 (9th Cir. 1973), *cert. denied*, 419 U.S. 1006 (1974).
> . . . .
>     While there is no specific formula for defining state action, there are certain questions the answers to which are worthy of consideration in determining whether a state is "significantly involved" in the statutorily authorized private conduct. What is the source of authority for the private individual action? Is regulation of the private conduct by statute so pervasive as to entangle the state in the activity? Is the state a joint participant in the activity or are mutual benefits conferred between the state

and the private actor? What relationship exists between the property involved and the underlying debt? Does a contract exist which makes provision for the challenged activity? Has there been a delegation of what has traditionally been a state function through the enactment of the statute?

Plaintiff has not alleged how any of these private individuals or entities are state actors. It does not appear from his allegations that the state was "significantly involved" in any allegations against these defendants. State action is essential to a claim brought under section 1983. Because there is no state action involved with the claims against these defendants, the section 1983 claims should be dismissed.[4]

### D. State Defendants - Teton County Sheriff's Department and Deputy Michael Parker

Plaintiff has sued Teton County Sheriff's Department and Deputy Michael Parker. The Sheriff's Department is not a proper defendant in a section 1983 action. Although municipalities, such as cities and counties, are amenable to suit under *Monell v. Dep't of Social Servs.*, 436 U.s. 658, 690-91 & n. 54 (1978), subdepartments or bureaus of municipalities, such as the Sheriff's Department, are not generally considered "persons" within the meaning of section 1983. *Harvey v. Estates*, 65 F.3d 784, 791 (9th Cir. 1995); *see also United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring). Therefore, Plaintiff's claim against the Teton County Sheriff's Department is not cognizable under section 1983. Further, even if the claim was properly brought against the county, there are absolutely no allegations regarding a policy or custom of the

---

[4] *See supra* note 3. The same analysis regarding conspiracy allegations applies to the private Defendants.

county that would suffice to sufficiently state a claim under section 1983.

Deputy Michael Parker, assuming he is being sued in his personal capacity[5], would be a proper defendant for a section 1983 claim. However, the Court recommends that any claim against Defendant Parker be dismissed based on the frivolousness of the complaint, as discussed above. The outlandish allegations against all the Defendants, including Deputy Parker, do not state a valid cause of action.

**2.** *Bivens* **Claims**

Plaintiff asserts jurisdiction pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). In *Bivens*, the United States Supreme Court recognized a cause of action for monetary damages against federal officials in their individual capacities for a violation of constitutional rights. *Id*. "A *Bivens* action will not lie when Congress has created 'comprehensive procedural and substantive provisions giving meaningful remedies against the United States.'" *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 564 (9th Cir. 1994) (quoting *Bush v. Lucas*, 362 U.S. 367, 368 (1983)). Moreover, a *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in the official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994);

---

[5] State actors sued in their official capacity for damages are not persons for purposes of section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). Even if Deputy Parker was sued in his official capacity for injunctive relief, official-capacity suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *See Hafer*, 502 U.S. at 25; *Graham*, 473 U.S. at 166. Plaintiff has not alleged any facts regarding a custom or policy. His claim against Defendant Parker should be dismissed.

**REPORT & RECOMMENDATION - 11**

*Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) ; *Morgan v. United States*, 323 F.3d 776, 780 n.3 (9th Cir. 2003); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (declining to extend *Bivens* to confer a right of action for damages against a private corporation operating prison facilities under contract with the federal Bureau of Prisons).

Accordingly, Plaintiff cannot bring *Bivens* claims against the FBI, the DEA or Agent Jude and Loren Eddie in their official capacities. Nor can Plaintiff bring *Bivens* claims against the state and private defendants. The only claims that *could* survive are against Agent Jude and Loren Eddie in their personal capacity.

Defendants Jude and Eddie, assuming they are being sued in their personal capacity, could be proper defendants for a *Bivens* claim. However, as noted previously, the Court recommends that any claim against these Defendants be dismissed based on the frivolousness of the complaint. The outlandish allegations against all the Defendants, including these two Defendants, do not amount to a claim under *Bivens* for violation of constitutional rights.

### 3. Section 1985 and 1986 Claims

Plaintiff also brings claims pursuant to 42 U.S.C. §§ 1985-1986. Plaintiff fails to provide any facts which would show that he meets the elements of the statute. Section

1985 governs conspiracies to interfere with civil rights.[6] The only pertinent portions of the statute for his claims are Section 1985(2) and (3). In order to state a claim under either Section 1985(2) or (3), Plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus). Plaintiff has failed to allege that he is a member of a racial group or other protected class against whom a conspiracy was perpetrated. Also, Plaintiff has not sufficiently alleged facts to show that any agreement existed which would make this section applicable. Accordingly, he has failed to state a claim upon which relief can be granted under section 1985.

---

[6] 42 U.S.C. § 1985 provides, in pertinent part:

(2) . . . if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;  or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;  or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy;  in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

**REPORT & RECOMMENDATION - 13**

Plaintiff also makes a claim under 42 U.S.C. § 1986. A prerequisite to stating a section 1986 claim is stating a section 1985 claim. *West v. County of Will*, 1985 WL 1774 (D. Ill. 1985). Section 1986 provides that persons who negligently fail to prevent a wrongful conspiracy as described in section 1985 may be liable to the party injured.[7] Plaintiff has not alleged a proper section 1985 claim, and, therefore, fails to allege a proper section 1986 claim.

**4.     RICO Claims**

Plaintiff also asserts jurisdiction under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. District Courts have jurisdiction over RICO claims pursuant to 18 U.S.C. § 1963. RICO provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprises's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

---

[7] 42 U.S.C. § 1986 provides, in pertinent part:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action . . . . But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

A finding of liability under section 1962(c) requires "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sun Savings & Loan Association v. Dierdorff*, 825 F.2d 187, 193 (9th Cir. 1987) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985)). A pattern of racketeering requires proof of two or more predicate acts of racketeering that are related and are in furtherance of a single criminal scheme. *Sun Savings & Loan Association*, 825 F.2d at 192. A list of racketeering acts upon which a RICO action must be based are set forth in 18 U.S.C. § 1961.[8] Plaintiff must also show that he was "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964 (c); *Sedima*, 473 U.S. at 496.

Plaintiff has failed to alleged a RICO claim. He has not alleged what the supposed "racketeering" activity was nor alleged a pattern of it. Simply using the terms "racketeering," "pattern," and "enterprise" does not meet the standard for alleging a RICO claim. If Plaintiff is intending for the conspiracy to assassinate him to qualify as a racketeering act, they are insufficient because Plaintiff's allegations are far beyond speculative and are outlandish. His allegations do not meet *Iqbal*'s standard of plausibility to sufficiently plead a RICO claim.

5.      **Federal Wiretap Act**

The Wiretap Act provides that "[e]xcept as otherwise specifically provided in this

---

[8] Examples include: acts or threats involving murder, kidnapping, gambling, arson, robbery or acts that are indictable under certain provisions of title 18, United States Code, such as bribery, counterfeiting, and embezzlement. *See* 18 U.S.C. § 1961.

chapter any person who-(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; . . . shall be subject to suit as provided in subsection (5)." 18 U.S.C § 2511(1)(a). The Act further provides for civil liability as follows: "[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a).

Plaintiff has not alleged the elements of a claim under the Federal Wiretap Act, much less satisfied the plausibility standard of *Iqbal*. *See Iqbal*, 129 S.Ct. 1937 (2009). *Iqbal* requires more than a mere recitation of the elements, which the complaint here is devoid of, but also must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff has submitted no facts, only conclusory statements of wiretapping, in support of a claim under this Act. Any claims under the Federal Wiretap Act should be dismissed.

**6.    Other Claims/Sources of Jurisdiction**

In his complaint, Plaintiff cites several sources of jurisdiction (Complaint, pp. 13-14) that the court has not addressed. These statutes and cases do not supply a grounds for Plaintiff to bring a claim or Plaintiff has not even alleged a scintilla of factual information that could even conceivably be construed as a claim under these citations. For example,

Plaintiff cites 28 U.S.C. § 1367, which addresses supplemental jurisdiction. Supplemental jurisdiction gives a federal court jurisdiction over claims that are related to claims over which the court already has original jurisdiction. Supplemental jurisdiction is not applicable here. Plaintiff also cites 42 U.S.C. § 1987 which gives authority to certain individuals, such as United States attorneys, to prosecute persons violating certain laws. That statute is also not applicable here. The other citations are equally inapplicable.

## CONCLUSION

Plaintiff's Complaint should be dismissed because it rises to the level of irrational and wholly incredible. When reviewing a complaint under 28 U.S.C. § 1915(e)(2), a Court must dismiss the complaint if it is frivolous. In the alternative, the Court has reviewed Plaintiff's claims to the extent possible and found he has not properly stated claims for relief and that such claims could not be stated even if given leave to amend.

## RECOMMENDATION

Based on the foregoing, the Court hereby recommends that:

1) Plaintiff's Complaint (Dkt. 2) be DISMISSED in its entirety; and

2) Plaintiff's Application for Leave to Proceed in forma pauperis (Dkt. 1) be found MOOT.

Written objections to this Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States

Court of Appeals for the Ninth Circuit.



DATED: April 28, 2011

_____
Honorable Mikel H. Williams
United States Magistrate Judge